**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

SHANDS TEACHING HOSPITAL &
CLINICS, INC. d/b/a UF HEALTH SHANDS, a
Florida non-profit corporation,

      Plaintiffs,

v.                                Case No. _____

THOMAS E. PRICE, in his official capacity as
SECRETARY OF THE UNITED STATES
DEPARTMENT OF HEALTH & HUMAN
SERVICES, and GEORGE LORENZO
MORGAN, an individual.

      Defendants.
_____/

**COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW, Plaintiff SHANDS TEACHING HOSPITAL AND CLINICS, INC. d/b/a UF HEALTH SHANDS ("SHANDS"), by and through its undersigned counsel, hereby brings this action for declaratory relief against Defendants THOMAS E. PRICE (the "SECRETARY"), in his official capacity as the SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES (the "HHS") and GEORGE LORENZO MORGAN ("MORGAN"), an individual, and alleges as follows:

**PRELIMINARY STATEMENT**

This is an action for declaratory relief regarding the status of documents in SHANDS's possession under the Federal Patient Safety and Quality Improvement Act, 42 U.S.C. Ch. 6A, Subch. VII, Part C, §§ 299b-21 – 299b-26 (the "PSQIA").  MORGAN has asserted a right to the presuit production of these documents which SHANDS believes are both privileged and confidential under the PSQIA.  The Florida Supreme Court, in a recent decision interpreting the

Florida Constitution, appears to mandate disclosure of the documents.  However, if SHANDS complies with MORGAN's request, the SECRETARY has the authority to impose a civil monetary penalty or fine against SHANDS for violating the federal nondisclosure requirements of the PSQIA should the Court agree that the documents are indeed federally protected.

SHANDS therefore respectfully requests this Court to declare that the PSQIA preempts the pertinent provisions of the Florida Constitution and that documents which are privileged and confidential under the PSQIA are not subject to disclosure to MORGAN.

### THE PARTIES

1. SHANDS is a Florida non-profit corporation established under Florida law that operates a teaching and research hospital dedicated to serve in Alachua County, Florida, and licensed under Chapter 395 of the Florida Statutes.

2. The SECRETARY was confirmed by the Senate as the Secretary of the HSS on February 10, 2017 and is sued in his official capacity only.  He may be served in his official capacity through the General Counsel, Department of Health and Human Services, 200 Independence Avenue, S.W., Washington, DC 20201.  45 C.F.R. § 4.1.

3. MORGAN is a citizen of the State of Florida.

### JURISDICTION AND VENUE

4. This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201-2202, the Declaratory Judgments Act.

5. This Court enjoys "federal question" subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because SHANDS requests a declaration of its rights and obligations under the PSQIA, an Act of Congress, and because the SECRETARY, a member of the Presidential

Cabinet, is charged with the federal responsibility to administer, implement, and enforce the PSQIA.

6.    Venue is proper in the Gainesville Division of the Northern District of Florida because MORGAN's allegations, described below, concern acts or omissions that allegedly occurred in Alachua County, Florida, and the documents which are the subject of this lawsuit are located and maintained in Alachua County, Florida.

**<u>UNDERLYING FACTUAL BACKGROUND</u>**

7.    According to an unsworn letter from MORGAN's counsel dated May 30, 2017, attached as Exhibit A (the "Notice"):

> Mr. Morgan was admitted to Shands Teaching Hospital on March 31, 2017. During the course of his admission he suffered a fall resulting in a significant head injury.

8.    SHANDS would deny these allegations but is satisfied to accept them as true for purposes of this action only.   More importantly, the Notice demanded production of the following records, asserting Article X, Section 25 of the Florida Constitution as authority:

> A copy of any records made or received in the course of business by Shands Teaching Hospital and Clinics, Inc. relating to any adverse medical incident which occurred during Mr. Morgan's hospitalization at Shands with an admit date of March 31, 2017.

(Ex. A.)

9.    The Notice goes on to define "adverse medical incident" by tracking the statutory definition provided in Section 381.028 of the Florida Statutes.   The Notice does not request any further information or appear to carry any purpose other than demanding records relating to adverse medical incidents during MORGAN's treatment at SHANDS.

10.    SHANDS responded through counsel by letter dated June 19, 2017, attached as Exhibit B (the "Response").   The Response objected to the demands in the Notice, arguing that

3

the demands were overbroad and sought information protected by the PSQIA.  (Ex. B.)  The Response pointed out that "Shands is prohibited from and *subject to penalties for* disclosing Patient Safety Work Product," which is precisely what the Notice demanded.  (*Id.*)

11.     A week later, MORGAN's counsel implored SHANDS to "reconsider" the position taken in the Response in light of *Charles v. Southern Baptist Hospital of Florida, Inc.*, discussed *infra*.  That letter is attached as Exhibit C (the "Reply").

12.     As of the date of the filing of this declaratory judgment action, MORGAN has yet to file suit against SHANDS.  However, the document production has not been resolved, and the legal validity of SHANDS's objection is unclear.  SHANDS therefore brings this declaratory judgment action to clarify its rights and obligations under federal law.

<strong>AMENDMENT 7, THE PSQIA &amp; <em>CHARLES</em></strong>

13.     In 2004, Florida voters approved Article X, Section 25 of the Florida Constitution ("Amendment 7").  Amendment 7 establishes that "patients have a right to have access to any records made or received in the course of business by a health care facility or provider relating to any adverse medical incident."  Art. X, § 25(a), Fla. Const.

14.     The Florida Supreme Court has broadly construed Amendment 7, finding it retroactive, self-executing, and requiring disclosure of many internal review and other patient-specific records that had previously been subject to various protections and privileges under Florida law.  *See*, *e.g.*, *Fla. Hosp. Waterman, Inc. v. Buster*, 984 So. 2d 478 (Fla. 2008).  In general, Amendment 7 provides Florida patients, including plaintiffs in medical malpractice actions, the right to obtain records made or received by a health care provider relating to any "adverse medical incidents."

15.     "Adverse medical incident" is a term of art employed by Amendment 7 and defined by Section 381.028(3)(b) of the Florida Statutes as follows:

> "Adverse medical incident" means medical negligence, intentional misconduct, and any other act, neglect, or default of a health care facility or health care provider which caused or could have caused injury to or the death of a patient, including, but not limited to, those incidents that are required by state or federal law to be reported to any governmental agency or body, incidents that are reported to any governmental agency or body, and incidents that are reported to or reviewed by any health care facility peer review, risk management, quality assurance, credentials, or similar committee or any representative of any such committee.

16.     Subsequent to Amendment 7, Congress passed the PSQIA in 2005.  *See* 42 U.S.C. § 299b-21, *et seq.*  The purpose of the PSQIA was to "facilitate an environment in which health care providers are able to discuss errors openly and learn from them."  *See S. Baptist Hosp. of Fla., Inc. v. Charles*, 178 So. 3d 102, 105 (Fla. 1st DCA 2015) ("*Charles I*") (citation omitted), *rev'd*, 209 So. 3d 1199 (Fla. 2017) ("*Charles II*"), *cert. den.*, 2017 WL 2444641, S.Ct. Case No. 16-1446 (Oct. 2, 2017).  The PSQIA was "intended to replace a culture of blame and punishment with a culture of safety that emphasizes communication and cooperation."  *Id.* (citation omitted).

17.     The PSQIA is further implemented by 42 C.F.R. § 3.10, *et seq.*

18.     In its comprehensive scheme, the PSQIA provides for the establishment of Patient Safety Organizations ("PSO's") which, once certified as such, "are to conduct activities that are to improve safety and the quality of health care delivery."  *See* § 299b-24(1)(A).

19.     Health care providers may establish Patient Safety Evaluation Systems ("PSE Systems") for the "collection, management, or analysis of information for reporting to or by a" PSO.  § 299b-21(6).  PSO's both evaluate the information and share it with a national clearinghouse for dissemination and study in efforts to improve medical services for all Americans.  *See Charles I*, 178 So. 3d at 102.

20.     Freedom from consequences attending disclosure of adverse opinions and reports is critical to the program's efficacy.  Accordingly, the PSQIA provides that Patient Safety Work Product ("PSWP") is both privileged and confidential.  *See* § 299b-22.  Both the privileged and confidential natures of PSWP are expressly applicable "[n]otwithstanding any other provision of Federal, State, or local law," and independently subject to various exceptions.  *See id.*  In many ways, the privileged and confidential natures of PSWP is similar to the privileged and confidential natures of peer review, risk management, quality assurance, and credentialing information in Florida prior to the adoption of Amendment 7.

21.     SHANDS is a member of the Academic Medical Center Patient Safety Organization, a PSO listed by the Agency for Healthcare Research and Quality.

22.     In *Charles I*, the Florida First District Court of Appeal held that the PSQIA expressly and impliedly preempts Amendment 7's otherwise broad discovery rights to PSWP and that documents qualifying as PSWP are both privileged and confidential notwithstanding Amendment 7.  178 So. 3d at 108-10.

23.     However, both of these holdings in *Charles I* were reversed in *Charles II*. Respectfully, *Charles II*'s split decision erroneously construed the PSQIA by requiring the provider to disclose federally privileged and confidential PSWP and by finding that the PSQIA did not preempt Amendment 7.

### ENFORCEMENT OF THE PSQIA

24.     "A person who discloses identifiable patient safety work product in knowing or reckless violation of the confidentiality provisions shall be subject to a civil money penalty for each act constituting such violation."  42 C.F.R. § 3.402(a).

25.     The full enforcement procedure is provided by Section 3.304, *et seq.*  Section 3.306(a) states, "A person who believes that patient safety work product has been disclosed in violation of the confidentiality provisions may file a complaint with the Secretary."  The SECRETARY may then initiate an investigation and, if a violation is found, determine the amount of a fine.  *See* §§ 3.306(c), 3.404.

26.     "A principal is independently liable, in accordance with the federal common law of agency, for a civil money penalty based on the act of the principal's agent."  § 3.402(b). SHANDS therefore independently risks a civil money penalty or fine by the SECRETARY should it be determined that one or more of its agents have "knowingly" disclosed PSWP to MORGAN.

## THE IMMEDIATE CONTROVERSY AND DEMAND FOR DECLARATORY RELIEF

27.     The Notice demands privileged and confidential PSWP.  Although SHANDS has objected to the demand, SHANDS is unsure of its objection's validity.  *Charles II* appears to require production of otherwise privileged and confidential PSWP.  Indeed, MORGAN has cited *Charles II* in his Reply.

28.     If SHANDS complies with the production, the SECRETARY could enforce the PSQIA and impose a civil money penalty or fine against SHANDS, as SHANDS would be guilty of "knowingly" disclosing PSWP.

29.     SHANDS therefore requests a declaration of its rights and obligations under the PSQIA.

30.     Specifically, SHANDS respectfully requests that this Honorable Court declare as a matter of law:

   a. The PSWP in SHANDS's possession that is responsive to the Notice's demand for "any records made ore received … relating to any adverse

7

medical incident which occurred during Mr. Morgan's hospitalization" is privileged and confidential under the PSQIA, is not subject to any exceptions under the PSQIA, and, accordingly, is not subject to disclosure to MORGAN; and

b. The PSQIA preempts Amendment 7 insofar as Amendment 7, as interpreted by the Florida Supreme Court, requires the disclosure of PSWP that is deemed confidential and privileged under the PSQIA.

WHEREFORE, SHANDS TEACHING HOSPITAL AND CLINICS, INC. d/b/a UF HEALTH SHANDS hereby respectfully requests a declaratory judgment against Defendants THOMAS E. PRICE, in his official capacity as the SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, and GEORGE LORENZO MORGAN consistent with the allegations and prayers for relief set forth herein.

Respectfully submitted on this **6th** day of October, 2017.

RONALD L. HARROP, ESQ.
Florida Bar No. 260584
rharrop@oconlaw.com
DEREK J. ANGELL, B.C.S.
Florida Bar No. 73449
dangell@oconlaw.com
O'CONNOR & O'CONNOR, LLC
840 S. Denning Drive, Suite 200
Winter Park, Florida 32789
(407) 843-2100
(407) 843-2061 Facsimile
Attorneys for Plaintiffs

8